IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE TAPIA,

   Petitioner,

v.                                                           Civil Action No.:  PX-24-388

ROBERT S. DEAN, JR.,

   Respondent.

**MEMORANDUM OPINION**

Pending is Jose Tapia's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 in which he challenges the validity of three state criminal cases. The Respondent asks the Court to dismiss the Petition,[1] ECF No. 38, and Tapia has replied. ECF No. 44. Tapia has also moved to "Continue from Stayed Status" (ECF No. 31); for Copy Work at the Expense of the Government (ECF No. 32); to Appoint Counsel (ECF Nos. 36 and 47), and to Stay Proceedings (ECF No. 41). The issues are fully briefed and no hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons stated below, the Petition shall be dismissed without prejudice for failure to exhaust claims related to two state court cases and is denied as procedurally defaulted as to the third. Tapia's motions are all denied. A certificate of appealability shall not issue.

---

[1] Respondent's Motion for Extension of Time at ECF No. 37 is granted *nunc pro tunc*.

I.      **Background**

    A.  **State Court Proceedings**

On December 4, 2023, Tapia pled guilty pursuant to one plea agreement that resolved three related cases. ECF No. 38 at 3 (Case numbers C-21-CR-23-000269, -593, and -594) (hereinafter "Case 269," "Case 593," and "Case 594"). Case 269 concerned Tapia's involvement in a scheme to smuggle drugs into Roxbury Correctional Institution ("RCI") in 2022. ECF No. 38-2 at 17-18. The conspirators used drones to drop tobacco, drugs, and other contraband onto RCI property after which inmates would retrieve and distribute the goods. *Id*. Phone recordings and bank records linked Tapia to the scheme. *Id*. at 18.

Case 593 arose from a wiretap authorization related to Case 269. The wiretap permitted the interception of conversations on a cell phone number belonging to a contraband phone in Tapia's possession at RCI.[2] ECF No. 38-2 at 18-20. Tapia used the cellphone to "make calls, send messages, and send emails in furtherance of an identity fraud scheme" involving the procurement of bank cards tied to accounts of unsuspecting victims who did not often use their bank cards. *Id*. at 19-20. In Case 594, Tapia used the contraband cellphone to create fake prison commitment papers in which he awarded himself 449 days of credit for time served. *Id*. Tapia next used the fake papers, while posing as a prominent defense attorney, to try to secure his release from custody. *Id*.

The state offered Tapia a global plea agreement to resolve all three cases. Per the agreement terms, Tapia would plead guilty to identity fraud over $100,000, obstruction of justice, and conspiracy to deliver contraband. In exchange, the State would recommend in Case 593 that Tapia receive a twenty-year prison term with all suspended but one year; followed by one year in Case

---

[2] When the phone was recovered on November 5, 2022, there was a "selfie" of Tapia on it. ECF No. 38-2 at 19.

594 imposed consecutively, and in Case 269, another one-year consecutive term, for a total of three years prison to be served at the Washington County Detention Center. ECF No. 38-1 at 91. The plea agreement, however, did not bind the sentencing court to the recommended sentence.

The plea hearing was held on December 4, 2023, in the Circuit Court for Washington County. ECF No. 38-1 at 7. Attorney Brian Hutchinson represented Tapia only as to Case 269, and Tapia represented himself on the other cases. *Id.* at 6. The Court noted, however, that even though Hutchinson did not "technically" represent him on the other two matters, Tapia had discussed those cases with the attorney. *Id*. at 6-7. Accordingly, the Court found that Tapia had freely waived his right to counsel in cases 593 and 594, but he had "quasi counsel already . . . because [he has] discussed this global plea with Mr. Hutchison." *Id*. Tapia also told the Court that he had taken suboxone prior to the hearing, but the drug did not affect his thinking. ECF No. 38-2 at 13. Tapia added that he had not taken any medicine that day. *Id*. at 14. At the conclusion of the colloquy, the Court accepted Tapia's plea as knowing and voluntary. *Id*. at 15.

The Court next sentenced Tapia. Of central importance to the Petition, the Court did not impose the jointly recommended sentence, but instead sentenced Tapia to one year and one day in Case 269, followed by ten years consecutive in Case 594, and three years consecutive in Case 593, for a total prison term of 14 years and one day. ECF No. 38-2 at 34-36.

B. **Direct Appeal**

Thereafter, Tapia applied for leave to appeal Cases 593 and 594 to the Appellate Court of Maryland, arguing that he was denied due process because he did not understand the terms of his plea agreement, and was denied his right to counsel. ECF No. 38-1 at 115-20. He did not appeal Case 269. In the application, Tapia challenged the validity of the plea because he had taken suboxone and had unsuccessfully sought the public defender to represent him in these cases. *Id*.

3

at 117, 121.  Tapia also had complained that he had stated on the record he had wanted assurance the Court would impose the recommend sentences before he would plead guilty.  *Id.* at 118.  Last, Tapia sought review of the Court's sentence.  *Id.* at 119.  On March 26, 2024, the Appellate Court of Maryland summarily denied the application for leave to appeal.  *Id.* at 193-96.  Tapia took no further action.  *Id.* at 7-11.

### C. Motion to Withdraw Plea

While his application for leave to appeal was pending, Tapia also moved to withdraw his guilty plea before the Circuit Court.  ECF No. 38-1 at 99-107.  The Court held a hearing on April 8, 2024 (two weeks after his application to appeal had been denied) at which Tapia was represented by counsel.  As grounds for withdrawal, Tapia argued that because he did not have a lawyer for Cases 593 and 594, he had been denied the opportunity to review discovery.  ECF No. 38-3 at 9-10.  At the hearing, Hutchinson testified that when he represented Tapia on Case 269, he had never seen the discovery for Cases 593 and 594 and that he did not represent Tapia in those cases, but he did convey the global plea offer to Tapia.  *Id*. at 16-21.  Hutchinson also confirmed that Tapia had been given a month to consider the plea agreement, a comparatively longer time than that normally afforded to state criminal defendants.  *Id*. at 29-30.

Ruling from the bench, the Court denied the motion.  The Court concluded that Tapia's plea had been knowing and voluntarily made, but that Tapia now sought to withdraw the plea because he was dissatisfied with the sentence.  ECF No. 38-3 at 46 (Tapia "just thought I would go along with the recommendation," but there is nothing "unconstitutional" about imposing a longer prison term).  Tapia next filed an application for leave to appeal the denial of the motion to

4

the Appellate Court of Maryland. That application is still pending. *See Tapia v. State of Md.,* Case No. ACM-ALA-1880-2024 (Md. App. 2024).[3]

### D.     Federal Habeas Petition

On February 8, 2024, Tapia filed his Petition in this Court, raising four grounds for relief: (1) that all search warrants for the wiretapped line used the wrong serialized number belonging to the device and the wrong phone number; (2) the warrants did not have any names associated with his Owings Mills address; (3) the authorization for installation of a trap and trace device came late in the life of the conspiracy; and (4) the Owings Mills home, searched during the investigation, is outside of the jurisdiction of Washington County, and no probable cause established the home was connected to the offenses. ECF No. 1. Tapia also appears to complain about the constitutional validity of his guilty plea in Cases 593 and 594, and that he was forced to plead without the benefit of discovery. ECF No. 1-11.

Tapia has since supplemented the Petition multiple times, alleging a litany of additional grievances, many of which boil down to accusing the state of withholding discovery and falsifying documents. The supplements also challenge the sufficiency of the evidence supporting the plea and the validity of the warrants. ECF Nos. 7, 9, 12, 18 & 30. Tapia again contends he had not been properly advised regarding the potential sentence he could receive, that he was denied counsel in cases 593 and 594, and that he was the victim of an invalid search warrant executed at his Owings Mills home. ECF Nos. 11 & 24.

With this history in mind, the Court first turns to the Respondent's motion.

---

[3] Available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last viewed Dec. 10, 2024).

## II. Respondent's Motion to Dismiss the Petition

### A. Standard of Review

This Court may grant a petition for a writ of habeas corpus only to address violations of the United States Constitution or federal law. 28 U.S.C. § 2254(a) (2018) *see Wilson v. Corcoran*, 562 U.S. 1, 1 (2010); *Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. The court reviewing a habeas petition is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). This Court must give "considerable deference to the state court decision," and may not grant habeas relief unless the state court arrived at a "'decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nicolas v. Att'y Gen. of Md.*, 820 F.3d 124, 129 (4th Cir. 2016) (quoting 28 U.S.C. § 2254(d)). Further, this Court "must presume that the state court's factual findings are correct unless the petitioner rebuts those facts by clear and convincing evidence," and "cannot disturb the state court's ruling simply because it is incorrect; it must also be unreasonable." *Id*.

For a state court's decision to run contrary to established federal law, the court must have arrived at a conclusion at odds with the United States Supreme Court on a question of law, or must have confronted facts that are "materially indistinguishable from a relevant Supreme Court" case but nevertheless arrived at the opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005); *Barnes v. Joyner*, 751 F.3d 229, 238 (4th Cir. 2014). As to an unreasonable determination, a federal court "may not issue the writ

6

simply because that court concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Lovitt*, 403 F.3d at 178 (quoting *Williams*, 529 U.S. at 411). Rather, the petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Barnes*, 751 F.3d at 238 (quoting *White v. Woodall*, 572 U.S. 415, 419–20 (2014)). "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings and to substitute its own opinions for the determinations made on the scene by the trial judge." *Davis v. Ayala*, 576 U.S. 257, 276 (2015) (internal marks and citations omitted).

Before this Court may review a habeas claim, the claim must have first been presented to the highest state court with jurisdiction to hear it; and the petitioner must raise the claim at every stage of the state proceeding whether it be through post-conviction or on direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim in post-conviction petition); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). Failure to raise the claims at every stage of the applicable state proceedings results in procedural default, foreclosing federal habeas relief. *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

Even if a claim is procedurally defaulted, the Court may still reach the merits where the petitioner satisfies the "cause and prejudice" standard, or shows that failure to review the claim will result in a fundamental miscarriage of justice. *Gray*, 806 F.3d at 798. Under the "cause and

7

prejudice" standard, the petitioner must show: (1) cause for not raising the claim of error; and (2) actual prejudice from the alleged error. *Bousley*, 523 U.S. at 622; *see also Dretke*, 541 U.S. at 393; *Reed*, 512 U.S. at 354; *Frady*, 456 U.S. at 167-68. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488).

Alternatively, the Court may reach a defaulted claim if the petitioner shows that failure to review the claim would result in a miscarriage of justice, that is, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.; see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Assertions of actual innocence used as a gateway to review an otherwise defaulted claim must be supported by new evidence that demonstrates a reasonable juror could not have convicted the petitioner. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

### B. Procedural Default of Claims related to Case 269

Respondent first argues that because Tapia has never sought leave to appeal his guilty plea in Case 269, the claims are procedurally defaulted. ECF No. 38 at 28. Respondent is correct. Tapia never appealed his conviction or sentence in that case; nor has he showed good cause to excuse default, or established why the failure to consider his claims would result in a miscarriage of justice. Accordingly, any claims related to Case 269 are procedurally defaulted and must be dismissed.

8

### C. Claims Related to Cases 593 and 594

As to Tapia's arguments related to Cases 593 and 594, Respondent contends that all claims apart from those challenging the constitutionality of his guilty plea must be dismissed as either not cognizable or procedurally defaulted. ECF No. 38 at 23. The Court agrees. Claims that challenge the constitutionality of the search warrants or other irregularities not stemming from the guilty plea cannot proceed. This is so because once a defendant pleads guilty, he waives his right to pursue claims of constitutional deprivations in the investigation or deficiencies in the discovery process. *United States v. Moussaoui*, 591 F.3d 263, 280 (4th Cir. 2010) (guilty plea waives all non-jurisdictional errors leading up to the conviction except those errors affecting the adequacy of the plea). A petitioner post-guilty plea may collaterally attack whether the plea was knowing and voluntarily made because "guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (internal quotation marks and citation omitted). *See also United States v. Bluso*, 519 F.2d 473, 474 (4th Cir. 1975) ("A guilty plea is understood as a lid on the box, whatever is in it, not a platform from which to explore further possibilities."). At this juncture, Tapia can pursue only those constitutional challenges to the guilty plea proceedings. *See United States v. Locke*, 932 F.3d 196, 199 (4th Cir. 2019) ("Guilty pleas are protected by a strong presumption, one deeply rooted in our jurisprudence – the presumption of regularity."). Relief otherwise must be denied.

As to the claims challenging the constitutionality of Tapia's guilty plea in cases 593 and 594, Tapia argues that the claims are not exhausted and should be stayed. ECF No. 38 at 38-44. Tapia is correct that his application for leave to appeal the denial of his motion to withdraw the guilty plea is still pending. ECF No. 44. *See Tapia v. State of Md.*, Case No. 943 (Md. App. Sept. Term 2024) available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last

viewed Dec. 10, 2024).; *Tapia v. State of Md.,* Case No. ACM-ALA-1880-2024 (Md. App. 2024) available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last viewed Dec. 10, 2024). Thus, the claims are not exhausted. If the Appellate Court denies Tapia's application on the merits, there is no further review available, and the claims will be exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. If the Appellate Court grants the application but denies relief on the merits, Tapia must next file a petition for writ of certiorari to the Maryland Supreme Court to exhaust the claims. *Williams v. State*, 292 Mfd. 201, 210-11 (1981). Or, if Tapia receives the relief he seeks on appeal, the federal Petition will be moot. Accordingly, the claims are not properly before this Court, and will be dismissed without prejudice for lack of exhaustion.

### III.   Tapia's Motions

As to the unexhausted claims, Tapia moves to stay the proceedings during the pendency of his appeal. ECF No. 41. The Court may stay a habeas petition pending exhaustion where the petitioner demonstrates good cause for failing to exhaust remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). But even where petitioner demonstrates good cause, the Court cannot stay a petition that advances plainly meritless claims. *Rhines*, 544 U.S. at 277.[4] Tapia has made no good cause showing, and outside the challenge to the constitutionality of his guilty plea, the claims appear meritless and do not support a stay. The motion will be denied.

Next, Tapia moves for a copy of all records to be forwarded to him. ECF No. 32. The Court may grant the motion if the petitioner shows a particularized need for the requested documents. *See Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972). But a petitioner is not entitled to copies of the case filings simply so he may comb the record in the hope of discovering some error. *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

---

[4] Oddly, Tapia first asked that the Court "lift" the stay. ECF No. 31. But because the Court had not previously stayed the proceedings, that motion must be denied.

Tapia singularly argues (in this case and two others pending with the Court) that he needs a copy of the filings because he had submitted his only copy of pleadings to the Court. ECF No. 32. Tapia's filings are voluminous: in this matter alone, he has filed 35 pleadings, and has filed the same exhibits with several pleadings, undercutting his assertion that he gave his only copies of such documents to the Court. Because Tapia has not demonstrated a particularized need for the requested documents, the motion will be denied.

Last, Tapia requests that the Court appoint counsel to represent him. ECF Nos 36 & 47. The Court may appoint counsel if the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court must appoint counsel "[i]f an evidentiary hearing is warranted." Rule 8(c) of the Rules Governing § 2254 Case. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). To be entitled to federal habeas relief, "[t]he question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id*. (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). Because the Court has determined that no evidentiary hearing is warranted, the motion for court appointed counsel is denied without prejudice.

IV.     **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects

11

constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation omitted). When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Tapia has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Tapia may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

A separate Order follows.

 12/31/24                                                              /S/
———————                                              ————————————
Date                                                                   Paula Xinis
                                                                       United States District Judge